Appellant. Mr. Kramer for the Appellant, Ms. Lloyd for the Appellate. Good morning, Your Honors, and may it please the Court. I think this is a very simple case in the end. The Supreme Court, as recently as two months ago, talked about the importance of interpreting statutes by their plain language and not adding anything, and they said our task is to give effect to, not nullify, Congress's choice to include that factor in some provisions but not others. I submitted that in a 28-J letter, Esteros v. United States. I think it was decided the last day of the term where they talked about the well-established canon of statutory interpretation that the courts should not add anything, and they said in Oklahoma, and this to me is essentially identical or indistinguishable from this case in Oklahoma v. Castro-Horcher in 2022. Mr. Kramer? Yes. On page 17 of your brief, you say that at the trial court, the defendant suggested that the court dismiss the charges and stay the dismissal for a minimal period of time to allow Buettner to file a 4246 certificate in North Carolina. I think I have at least that much right? Yes. And I think during that minimal period of time, the implication was he would continue to be detained at Buettner to allow Buettner to file a certificate if it chose to. Am I still right? Yes, sorry, and I think sorry, I think it's pronounced Buettner. Oh, thank you. Every time I've been there. You looked confused. Am I saying one or two or three confusing things? So it sounds like just maybe just myself. I would not pass an intelligence test, so everything's confusing. Okay, Buettner. So that's what the defendant asked for, and I'm wondering why we shouldn't just read the order to do that and only that. It's true the order uses the phrase to be examined, but it's not totally clear that the district court's order orders the examination as opposed to order. It says ordered the defendant shall remain at FCI Buettner for a reasonable period of time not to exceed 45 days. It seems like that might be the order, and it does explain its reason for that order. It expects that he will be examined and there will be a determination of whether to file a certificate or not, but if the order only orders detention for a reasonable period of time, 45 days, and dismisses the charges but stays it until that time elapses, it seems like the district court may well have done nothing more than issue the order that the Yes and no. No in the amount of time. I think what I said at the time to the district court was a minimal amount of time, and I believe I said seven to ten days, which I think in retrospect was stupid of me, and I should have said two or three days. I look forward to his IAC. But well, I think he files those quite frequently. So 45 days is the statutory time for an examination under 4246. It's way, I wouldn't even say it's in the ballpark. I think it should be two or three days. Frankly, he's been there at Buettner for seven years, two years completing his sentence and five years pretrial in this case, and he had a competency exam and a sanity exam at Buettner, and the notion that Buettner needs 45 days, and I just want to get back to that to the no. The no part is about the amount of time. The no part is also that the government's motion was entitled for an exam, an evaluation pursuant to 18 USC 4246, and it said at the very beginning for a reasonable period not to exceed 45 days to be examined to determine whether the Buettner should certify pursuant. I agree. I mean, maybe I think the title could have been better. The government, the title of the government's motion could have been better in order for my theory to be correct. The to be examined language in the government's motion is mirrored by the to be examined language in the district court's order. If the district court's order could be read either way, and if you're saying that one way would be, you know, unauthorized by statute, it seems like why would we presume that the district court did something it wasn't authorized to do when we could read the order to say the district court is merely doing something it is authorized to do? Because the district court said the opposite, said exactly what it was not authorized to do, which is to the, in authorizing the direct, quoting, where are you, the first of the district court's order, ECF 196. That's a parenthetical quoting another case. It's about the Gordinas-Ortiz case, but what he says is in authorizing the directive file at 4246 necessarily contemplates the temporary commitment of that person so the director can deduct the evaluation. It's clear that this is an examination or evaluation, whatever you want to call it, ordered. You can't, they slap, the government in its brief slaps a number of different names on this. They call it a preliminary determination. They say the scheme contemplates it. A preliminary says, I wouldn't mind, I mean, my argument is what it was in the district court. They should, they cannot have an evaluation or examination of any type because that's authorized by the statute in situations. Can I interrupt you, or I will. Sure, you're the judge. I can. Why is it that, you're not standby counsel, are you? You're the real deal, right? I'm not sure you'd call me the real deal, but for the appeal, I'm counsel. Yes, counsel. Okay. Your client, um, why is he even covered by 4246? Well, because under the, I agree, there's some question about that. That's not a tricky question. No, no. The reason I ask is 4246 only covers people who are hospitalized, and I've looked through this record, and at Butner, there are four facilities. You've been to Butner. There are four facilities. Three of them are fairly new. One of them is a medium security, low security, and then another medium, and then the fourth one is a hospital. The medical center. Medical center. He's not in the medical center. He says I'm in FCI1. So if he's not hospitalized, the statute only deals with hospitalized people. Why is he even covered by 4246? I think that's a good argument. It was not made. It's not an argument. It's a question. No, I think you're right, but Mr. Williamson represents himself in the district court and doesn't let us really do anything. I think that's an argument that could have been made and will be made. One of the ways you get around it is, I suppose, is that he would be examined in the medical center, and that would, so therefore, he would be hospitalized. But then there's another problem with the order that I have, because the director, according to the order, is not the medical center director. It's the FCI1 director. That seems to be a mistake in the order. And then, okay, that's just an observation, but I want to move on to, have you read Judge Choflat's opinion in the United States versus Barry? No. It's exactly on point. Exactly what happened here is exactly what happened in the Barry case. And Judge Choflat, you talk about statutory interpretation, goes through about four or five pages interpreting 4246. And he comes up with a proposition, which I think is irrefutable. 4246 only deals with what the director has to do. It doesn't deal with the question of what to do before the director acts. And that's what we have here is a situation not covered by 4246A. It's dealing with how do you, how do you give the director the opportunity to make his judgment? Well, if I can, I'll give you the citation. If I can go back, it's 142 fed forth 184. If I can go back for a second, the question about the hospitalization, I think it's a interesting question, but it was never raised in the district court, but he was in there for actually medical care. He had medical care, I understand. For a long time. Yeah. But that doesn't say that he's in the hospital. He's being treated. He was being treated in FCI1. But also they can do the evaluations. They don't have to be in the medical center to do the evaluations. They can, according to Judge Choflat's opinion, invariably do. Because there are only two facilities, Judge Choflat wrote, in the United States that have the capability of doing 4246 examinations. One of them is the medical center at Butner. I think the other one's in Missouri. Well, there's one in Springfield. There's one in Rochester, Minnesota. There's one in Carswell, Texas. There's a whole bunch of institutions that do the exams. I'm wrong about that. The Springfield one doesn't have the capacity to do a 4246. And in Berry, the prisoner was transferred from the Springfield Medical Center to Butner 4. There's one, a bunch of the cases refer to the proceedings taking place in Rochester, Minnesota. I think it's in Rochester. There's an institution. Nevertheless, the point that Judge Choflat makes and that I'm asking you is where in 4246 does it say even a word of giving a director the opportunity to make the examination the 4246 contemplates? It doesn't at all. It just says... So stop there. If that's true, then what Judge Walton did in this case is not a violation of 4246. It can't be because he's ordering the... Samson Berry's ordering whoever it is, the director, to do an examination. Well, he has no authority to do that under the statute. The statute lists, I think, six instances where an examination can be done. And you can't... Judges just can't willy-nilly order examinations of people. They have to abide by the statute. He was representing himself. And in order to make a judgment about that, and not only that, but if you read the colloquies that went on for years, the guy seems to be mentally ill. And so the question becomes, what do we do? Release him, even if he's dangerous, and then have the examination? No. Well, the government repeatedly says that there's ample evidence of his dangerousness in the record. Why the director of the facility at Butner can't issue the certificate is unexplained in the record without an examination. The statute never provides for an examination unless the certificate is filed. And it's a very... The government... The certificate is not the examination, is what you're saying? The way the district court in Puerto Rico and Cruz Ruiz set it out, and the 4th Circuit in the Perkins case set it out quite distinctly, that the first step is to file a certificate. After the certificate is filed, then there can be an examination. You don't release somebody before you make a judgment about whether to file the certificate. Well, the statute says the filing of the certificate stays the release. The statute says that. There's no provision otherwise to stay the release. Although in the district court, I did say for a minimal period of time, which now we're a couple of years later, and that should be at most a couple of days. I mean, they did an examination of... Ironically... A couple of days, yes. But in Barry, which is 2025 case, the prisoner had to wait in line because Butner MC was so backed up with 4246 requests that they had... It would first come, first serve. And so what happened is not only that, but then the facility head of Butner Medical asked for a 30-day extension beyond the 45, which the district court granted. And just one more point. If I remember, your brief argues that Judge Walton didn't have any authority because he's not in a court that's the closest to the Butner facility, right? Right. He's not in the district where Butner's located. But that's not an issue here. That order doesn't deal with that. And in Barry, what happened is it was an Illinois... No, it was a Michigan court that ordered the examination. And when the certificate came down, it was the North Carolina court that held the hearing. And that's perfectly consistent with Judge Walton's order here, because he doesn't say he's going to hold the hearing if there's a certificate. No, no. He said he would not. But what he did order is whether the director should file a... He said, ordered the government's motion for an evaluation pursuant to 18 U.S.C. 4246 is granted. I mean, that's as clear as it can be to me, that he's granting an evaluation pursuant to 4246, which he has both no authority to order- Or the determination of whether to issue a certificate. But that's something that appears... An exam for that purpose is nowhere in the statute. Absolutely nowhere in the statute. I'm sorry. No, that's a good one. So a question I have is, even if I were to accept your 4246 argument, that the court had no authority for that, how does that intersect with the pretrial detention that was ordered under 3142? Because that pretrial detention is still in place because the dismissal order was stayed. So I guess if that order is still in place, I guess I have a question about whether the 4246 order is immediately appealable, because there's another basis for his detention. And also in general, I'm just trying to understand how those two things interact with each other, because there's not much in the briefing about that. Well, I think, first of all, the government has never challenged the appealability, obviously, but it's not just the detention, it's the compelled examination that is the bigger intrusion, according to Weisberger and Godinez-Ortiz. It's not one or the other, but the compelled examination, but he's still subject to detention under 3142, then he could stay there until the director of the facility decided to issue a certificate if they chose to. That would end because the district court has dismissed the charges but stated pending this appeal. And so his detention would end if his order for a further detention and a compelled examination was reversed. Then it would go back to the district court for the dismissal to be signed off on. Mr. Williamson represents himself, and so the issues he raised. So at one point I did say, I think seven to 10 days was the words I used. I now think that's too long in light of the time that's passed, but clearly the director at Butner has the information they need. This whole thing arises because Judge Walton ordered an exam that he had no authority to order, which was the sanity exam. That can only be ordered if a insanity, but he ordered it over the objection while the government stayed silent and only later said that exam shouldn't have been ordered. But that's the only reason we're here because he has already said, I don't need to abide by the statute. I can order whatever exam I want, whenever I want, essentially. So if we would have vacate this order, which is the relief that's being sought by Mr. Williamson, then procedurally the district court would have before the Rule 48A motion to dismiss? Well, I think more than that, he's already granted that. Right, but he granted that in this order, right? So if we were to vacate this, then there would be a pending Rule 48A motion? Yes, yes. And that would be granted, I assume, as under this court's rulings on Rule 48A, I assume that would be routinely granted. And then Mr. Williamson would be released, would there be? Well, in the time after this court's decision and then there's the mandate to issue, there would be plenty of time for the director at that point, if they thought it was justified. Because according to the government, there's ample evidence already in the record. So no examination is needed in any event. But if it went back like that, there would be ample time then for the, before it actually landed back in Judge Walton's lap, it would be ample time for the director to file a certificate then, if the director thought it was warranted. Would we have the authority to stay our decision long enough to allow a preliminary assessment by the warden to decide whether to issue a certificate? Well, when you say preliminary assessment, I'm not sure what you mean. There's been plenty of review of Mr. Williamson over the, he's been a butler now the last two years of his prior sentence and for five years pre-trial in this case. Let me ask this, would we have the authority to stay our mandate for 45 days during which time the the warden could decide whether to issue a certificate? Well, this court's mandate doesn't issue for 52 days. So I think that would be more than enough, obviously. 45 days to ask an opinion and an extra seven days. So as I understand that the mandate wouldn't issue for 52 days, that would be more than Judge Walton afforded them. But what they wouldn't be allowed to do is the order allowing the evaluation or examination would no longer be valid. They would just be able to issue a certificate. Yes, they would have 52 days to issue a certificate. I want to correct something. I said Judge Choflat. I meant Judge Wilkins because the Berry case was from the fourth circuit. Yeah, I'm sorry I'm not familiar with it. It's never been cited that I know of by anybody in this case. So I apologize for not It was issued in June, June 24th of this year. Is it a compliment to Judge Choflat or to Judge Wilkinson? I don't want to get in the middle of that. I understand what it is that you think should have happened. And I think I follow 95% of it. You think the district court should have dismissed the charges, should have stayed the dismissal for two to three days, which would have allowed the warden to decide whether to issue a 42-46 certificate. And Mr. Williamson would have remained detained at Butner for those two to three days. Yes. What authority would the district court have had to extend Williamson's detention by those two to three days? Would it be the pre-trial detention authority? No. Well, if you vacate the order, as Judge Rouse said, and the dismissal was no longer in effect, then he's back in pre-trial proceedings with a 48. I'm not talking about what we would do. I'm talking about what you think the district court should have done originally. Oh, originally? Yes. Dismiss the charges, stay the dismissal, extend the detention for two to three days. Yes. And under what authority would the district court have extended the detention by two to three days? Well, I think if they stayed the dismissal, I think I was trying to be reasonable in the district court and not have some opportunity for the director to file the certificate if they wanted to. And that may have been wrong. Would the authority be 3142? Pardon me? Would the authority for that, yeah, would be just pre-trial detention? Yes. I mean, if he had dismissed the charges, I think, I shouldn't say this, but I think a district court may have some limited inherent authority to stay a decision for a minimal period of time in circumstances like this. But I don't think they the inherent authority to do much else. Anything else that was done in this case in the Supreme Court has been quite critical of the exercise of inherent authority, the exercise of something under the rubric of inherent authority. The detention would have been extended two to three days. Yes. As authorized by the court's inherent authority. Well, I guess a better way might have been to have the district court say, I'll consider this, I'm going to grant this motion, but I'm going to wait two or three days. That might be better in the sense of that the detention would be authorized. But I'm just telling the government on three days from now, this motion is going to be signed. I don't understand what the problem is. I mean, your client was being held pursuant to a pre-trial detention. And until the indictment is dismissed, he's held there. And he's the one that is responsible for many of the postponements. He didn't want to come to Washington because he'd lose his files. So keep me at Butner pending the trial. But as long as that indictment is outstanding, then it's no inherent authority. It's just 42-41 or whatever it is. I don't disagree with you, Judge Randolph, that the delays, nobody, we never argued the delays were the government's fault or anybody's fault. But I think if what I was trying to get at is if Judge Walton dismissed the indictment, there would be absolutely no authority. Oh, if he dismissed it. Yes. If it was dismissed, there would be no authority. And I was saying that he might have the inherent authority to stay for two or three days. And certainly that was not contested in district court. Let me put it that way, that he would be able to do that for a very minimal period of time. Thank you. I can't even see without the glasses. Good morning, Your Honors. Alaya Lloyd on behalf of the United States. May it please the court. The district court permissibly extended the defendant's detention temporarily in order to facilitate the purposes of 42-46A and gave the Bureau of Prisons Director notice and opportunity to effectuate the purpose of the statute, which was to make the initial determination on whether or not this defendant should be detained prior to being released. Ms. Lloyd, I think it's interesting that you begin by saying this fulfills the purposes of the statute. But here Congress has legislated a very specific statutory scheme for civil commitment given the important liberty interests at stake. So where is the statutory authority for what the district court did here? So I think it's important, Your Honor, to recognize the defendant was already on pretrial detention when this occurred. And so the court certainly had the authority under, I want to say 31-42, with the defendant already being detained to issue an order like this and continue that detention, especially given that the court stayed the motion to dismiss. So that's where the detention authority comes from. Well, even if the detention comes from 31-42 pretrial detention, where is the authority to order an evaluation or an examination? Yes. So the authority to order the evaluation or examination, I want to construe the order appropriately. It were to examine in order to make the determination we think was a little bit unartful. But the gist of it is that the district court was giving the Bureau of Prisons Facility Director the opportunity to make this determination, which the statute contemplates. As you look at the Senate report creating the statute, it is the director's responsibility to determine preliminarily whether the defendant should be released. So what the district court was doing here was giving the facility director that opportunity to make that preliminary determination. Whether the term is evaluate, assess, examine, it all means the same thing under the statute. The facility director has to certify that the qualifications for a certificate are met, and that necessarily entails some sort of evaluation. And so here the district court's order merely just gave the facility director a notice to say, hey, the triggering event has occurred. I'm dismissing this case. I know you need time to figure out whether or not you're going to file this statute, which entails the facility director saying not only that this defendant is suffering from some sort of mental defect that would create a danger to others or their property, but also that there's no available state custody arrangements that can be made. So let me give a little bit of time here for you to make that determination. It was just sort of throwing up a flag saying the triggering event that you need to make a determination has occurred. I'm giving some time. Do with it what you will, either file a certificate or don't file a certificate. But the district court has to be able to give the director some time in order to accomplish this initial determination. Some time, but now a great deal of time has passed. That is correct, Your Honor, but that's only because the defendant asked for the district court's order to be stayed pending this appeal. But I don't understand that answer because I think according to you, the warden did not need an order from the district court in order to make whatever assessment is necessary to decide whether to issue a 4246 certificate. Well, the warden certainly needed a part of a major part of that order, which is the dismissal of charges. And so the statute, unfortunately, is a little bit of a catch-22. I agree with you about that part. I think that is weird in its own right, but the warden doesn't need the mandate to issue on a dismissal of charges because you were going to have the 45 days with the mandate stayed. So I'm not sure what the district, I'm not sure what the warden has needed for the past year and a half that the warden wouldn't have had, even if there had been no appeal. Well, I don't, the government doesn't control the warden, but I imagine the warden saw the of the order as a decision to allocate resources appropriately and wait and see how this was all going to shake out before it took any steps as Judge Randolph has sort of already intimated. This is a very backed up process. There are a lot of defendants, a lot of, there are a lot of resource constraints for the BOP. I mean, that is a, I know it's not your fault that that answer may be the best answer, but I asked basically, why has it not already happened for a year and a half? And your answer is, well, maybe the warden had other priorities for a year and a half. Your Honor, I'm not sure what the, why the warden is waiting, but the decision to file the certificate is completely within the warden's hands. There's nothing that we can do on our side to say, you have to file it. The warden has absolute control over that decision. We can only do what we've done in this case, which, and what other district courts have done in all of these cases, which is give the warden the opportunity to file it. Why do you even want the 45-day extension of the detention? Well, we believe that that was a reasonable amount of time, given the resource constraints. You just said a year and a half is not a reasonable amount of time, so I don't know why 45 days would Well, again, Your Honor, just to clarify, we wanted to give the warden, and we believe that it's necessary, as other courts have also held, to give the warden time to make this decision at the moment when it all occurred. What the warden is doing currently or why the certificate has not yet issued is not something that we can order the warden to do or the BOP to do. We can really, when we finally give the triggering event the ability to occur, which is the dismissal of all charges for reasons of mental issues. I understand that answer, and this is changing topics a little bit. I just want to confirm, if I want, if I think that if we, the panel, think best, I'm not saying we will, but if we think it best to read the district court's order to dismiss the charges, stay the dismissal, and extend the detention for 45 days, without, as a formal matter, ordering an exam, do you think that we can read the order there? I think that's definitely how the order can be read, Your Honor, and that's simply because the district court is doing nothing more than saying, here's the triggering event, it's occurred, do what the statute contemplates, which is make some sort of determination. If we read it that way, would we affirm or would we dismiss the appeal for lack of appeal for the extension of pretrial detention? That's a very good question. I think you could affirm, but if you wanted to do, the government's position has been that there is jurisdiction here, and I would submit that that jurisdiction still exists, even if you read the order that way, given the fact that we're in a sort of 42-46 twilight zone, and rather than say that there's no jurisdiction in these types of matters, the government believes that this is something that can be reviewed. He's still under the pretrial detention law. That's correct, Your Honor. And the order that went to Butner, the Judge Walton's order, said that he's going to dismiss that indictment, right, pending the examination. He's not going to dismiss the indictment until the director of the facility decides either to grant or not to grant a certificate, 42-46 certificate, right? I think you should read the order as saying that the defendant, Cheryl Main, at FCI Butner, for a reasonable period of time, not to exceed 45 days, to facilitate the director being able to file the certificate, and the dismissal is stayed pending the completion of that evaluation and determination. So it's tied to the 45 days, or whatever reasonable period of time needs to occur, not to exceed 45 days. So in that sense, the government would believe that once 45 days has ended, unless the director files some sort of notice with the court saying that he or she needs more time, at that point, the case would be dismissed. Right, yeah. But we never got to that point because he stayed this order pending appeal. That's correct, Your Honor. So once this order clicks in, then it's 45 days he's going to be held for the examination. Or some reasonable period of time. It could be much less than that. Same thing happened in Berry, and the director of FMC at Butner said, I need another 30 days in the district court granted. I believe that's correct, Your Honor. And that's what's happened in a lot of the district court cases, and some of the other circuit cases we decided. Do you know whether there's more than two facilities that are capable of doing 42, 46? I'm only aware of two. But I know that in the past, there has been more, given the case law that exists. But at this current time, I'm only aware of at least two. What's the other one besides Butner? I'm not sure. Do you think that it's accurate in the order to say that it's whether the director of FCI, Butner, should file a certificate? Shouldn't it be the director of FMC? Your Honor, I think the statute contemplates it's the director of the Bureau of Prisons facility, and I think that would- Not FCC, not FCI. It's the Federal Correctional Center. Yes, Your Honor. I think it would be the ultimate director of the entire facility, which would encompass both the corrections and the- It's not what happened in Bury. It was the FMC. I would hope that the director would understand, the facility director would understand who they need to have to issue the certificate. But ultimately, it is the director of the facility that issues the certificate. The court can't order the certificate to issue, and that is not what happened here. He didn't order it. The only thing that happened here was a continuation of a defendant who was already in custody, and the notice given out to the facility that one of the triggering events that are contemplated by 4246A has actualized. Once that happens, it's only then that the director has the ability to file a certificate, which necessarily requires a determination that the defendant meets the requirements of the statute, which are the fact that the defendant could- that the director has to certify that the defendant is presently suffering from a mental disease or defect, and that there are no suitable arrangements for state custody. And so that's exactly what happened here. The district court looked at the statute, realized that it had a defendant, which it had already determined was a danger to the community, given that it's holding him pretrial for that specific reason. Noted that if the statute requires the director to only issue the certificate when the defendant is in custody, but the triggering event is a dismissal of the charges, some amount of time had to happen to stay the defendant's release in order to make sure that a dangerous defendant was not immediately released before the director had the opportunity to make the determination that the statute contemplates. Where do you think the authority for that extension of time comes from? Is it 4246 or is it 4231 pretrial detention? In this case, we believe that it could- that the pretrial detention is the easiest authority to find that under, but we also would note that in other circuits, including the Ninth Circuit, who handled this in Godinez-Artiz, has found that the district court has the inherited authority to temporarily commit a defendant for purposes of an evaluation. And I think that would also in some ways fall under the pretrial release detention or release authority, because a defendant under pretrial release, the district court also has the ability to order evaluations or mental health evaluations as necessary. And so ultimately, whether you look at the district court's inherent authority or what the district court may do with the defendant that's being detained under pretrial detention, the district court certainly had the ability to order the continued detention of this defendant. But those are two very different legal arguments. Yes, Your Honor. And the government's position is that you could do it under both, but- the continued detention certainly was authorized under the pretrial detention order. This is a friendly question. 4246A says, speaking of the director of the facility, he shall transmit the certificate to the clerk of the court of the district in which the person is confined. That suggests an assumption that the person is confined. There must be some authority being assumed that would allow confinement. Maybe it's inherent authority, but I think 4246, do you agree, 4246 presumes that the district court will have some authority to confine the person before the director of the facility transmits the certificate? Yes, and I think that happens in a variety of circumstances. One of the triggering events is that the defendant is getting ready to be released from a custodial sentence. And so at that time, the defendant's already in custody of the Bureau of Prisons, so that takes care of that issue. Another one is where the defendant's already committed to the custody of the attorney general, and so that would take care of it under that issue. In our particular case, it's when the criminal charges have been dismissed. And in our particular case, as I think the defendant cites in the Carrington case, the criminal proceedings are still ongoing. And so the district court here, as the court with the jurisdiction over the criminal proceedings, certainly had the authority to continue the had instituted. Okay, thank you. Mr. Kramer, we'll give you a couple minutes. Thank you. I just want to say preliminarily that the pre-trial detention argument that government was making now was never argued in the district court or in their briefs on appeal. They've argued solely on 4246, and I want to say they have now disavowed what they asked for in their motion. It was entitled, a motion for an evaluation pursuant to 18 U.S.C. 4246, and they said for a reasonable period not exceeding 45 days to be examined to determine whether they should file it. And then on page 13 of their motion, I'm sorry, page 14 of their motion, they said he should be evaluated to determine whether his release would put the community in danger. And they said this court should order an evaluation to allow BOP to determine whether to file. And they ended up by saying that they should be given an opportunity to evaluate the defendant for dangerousness. This is not just a certificate. And they ended by saying for 45 days so that he can be evaluated for dangerousness and for a decision by the director. Now that 45 days is for a full 4246 exam. That's what the statute permits for a full exam. This issuance of the certificate, and I think I have to revise something I said. So when we were in the district court, I said that the district court could stay its order for a minimal period of time because it should dismiss the charges. And now we're way past that. We're over a year or a year and a half past when this order was first entered by the district court. I guess it was filed, we're well over, it was filed in December of 24. So there has been, I think it should just go back to the district court for dismissal at this point. Butner will be given, if this court were to reverse, Butner would have 45 plus seven days before this court's mandate would issue to the district court. And then it would, Judge Walton would have to either issue a written order or set a hearing in court. Here's the way Judge Wilkinson responded to arguments like that. I'm just going to read this to you. It would make little sense to interpret the statute to require the release of dangerous mentally incompetent individuals the moment their charges are dismissed without affording the government a reasonable opportunity to seek a certification under 4246. You're not sure I disagree with that as a principle, but that's not what the statute says first of all. And the Supreme Court has said you don't read words into the statute that aren't there. And second of all, I think we're dealing with an issue that is not, I mean, I tend to agree with you to the extent that the order here is not an order that you can, you can get, you can look at 4246 and say, 4246 just doesn't cover this question. How do you give the government an opportunity before you dismiss the indictment? Well, then, then you're doing exactly what the Supreme Court says is impermissible. The court will presume that the legislative says what it means and means what it says. We have repeatedly stated that the text of a law controls over purported legislative intentions unmoored from any statutory text. The court may not replace the text with speculation as to Congress's intent. I think that covers this precisely. Also, Judge Walton's order clearly requires an evaluation. And Mr., two things, Mr. Williamson has already had an evaluation he should not have had because Judge Walton had no authority to issue that. Yeah, but the evaluations that he had were not 4246 evaluations. They were, they were number, they were competency and, and whether he suffers from a mental disease sufficient to warrant him not being allowed to represent himself. No, but the 4246 inquiry is whether he's dangerous. You can be mentally incompetent, not dangerous, right? So that it's designed to determine dangerousness. But Judge Walton had already found him competent to represent himself before he ordered the exam on sanity at the time of the offense. He said he wanted to know whether there was an insanity defense and that's only permissible under the statute when the defendant is not noticed. None of those inquiries, I guess, were. No, but what I'm saying is. It deals with dangerous. He's already been subject to one exam he never should have had. Now the government's saying you should have another exam because it's necessarily encompassed. One thing you didn't hear the government say was anything under the statute that authorizes this exam. And so by the time it, at this point in time, now it's a year and a half after, or more than that, after Judge Walton issued his order. Butler knows what's going on because Judge Walton even referred to an email he had gotten from Butler about the status of the case and whether Mr. Williamson would be going back to DC. And then if this court were to reverse, Butler would have another 52 days at which they know that the case is going back to Judge Walton. I think it should go back, at this point in time, should just go back to Judge Walton to effectuate his order to dismiss the indictment. He's already granted the motion, but it should just go back for that. And Butler should not have, at that time, either they will file the certificate immediately or not. Or they can file it even before Judge Walton does that because it will go into effect at the dismissal. So I don't think they should have any extra time. They're already, if this court were to reverse, they're already going to get 52 more days to have this issue under submission. But there's no way Judge Walton's order can be interpreted that he's just going to stay there for 45 days for them to determine whether to file a certificate because he ordered the motion for the evaluation pursuant to 4246. I'm not even sure they'll know what that means because 4246 is solely for dangerousness. It's not whether to issue a And second of all, if they have this evaluation, what happens later if they do issue a certificate? Then there's another evaluation and an evaluation by an examiner Mr. Williamson has which is denied to him under this order. And so it's because there's no statutory basis for it. I understand that you think we should not read the order to stop short of ordering an examination. But if there were two plausible readings of a district court order and one of those readings would require something that is not authorized by statutes and one of them orders something that is authorized by statutes, would you agree with me that we should read the order, there are two plausible ways to read it, we should read it the way that would be authorized by statute? I don't think there's any plausible reading of this that's authorized. I know, I know you're fighting that. I know we disagree, we may disagree about that. If you're saying he, the Judge Walton would just say he's to stay there for 45 days with no evaluation, there's no authority for that either. To have, maybe let me just ask it in the abstract. A district court issues an order, it could be interpreted two plausible ways. Interpretation A, not authorized by statute. Interpretation B, authorized by statute. Shouldn't we interpret it, interpretation B? Taking your, very abstract, taking your prefacing it with the word plausible, when it orders an evaluation pursuant to the request, it has to be plausible. But second of all, because this was never argued in the district court or in the government's brief, I don't think you can just have Mr. Williamson sit there at Butner for 45 days. I don't think there's any authority for that either. So I guess the answer is there's no authority for either one. Can I just ask about one more thing? You pushed back against Judge Randolph's theory because you thought it was kind of insufficiently textualist. If we were to be sort of hyper-textualist and just look at 4246B in isolation, it says prior to the date of the hearing, the court may order a psych examination and doesn't say anything about a certificate being filed first. And subsection A, which is all about the certificate, doesn't say anything about an examination. So again, if we were going to be kind of as hyper-textualist as maybe you were suggesting to Judge Randolph, we would just look at subsection B. It says the court may order a psych examination, doesn't say anything there about how a certificate has to come first. So as long as the psych examination is prior to the day of the hearing, which of course it was here, then what the district is authorized by is subsection B. Well, I think that that would be a portrait reading of the statute beyond any reasonable... Because section one talks about the institution of the proceeding and the other parts are all what happens in that proceeding. And it's only instituted by the filing of their certificate. And then comes the psychiatric exam. And subsection E is about the discharge. I'm sorry, where? Subsection B? Oh, B. I'm sorry. I thought... Right. Prior to the date of the hearing, but there's no hearing unless subsection A takes place first. Well, you could just read subsection B to say that the court may order a psych examination. When can it order it? Anytime as long as there hasn't been a hearing first. Well, it says prior to the date of the hearing. I will say I'm not persuaded by this, but I think you're sort of asking for... And maybe the best interpretation that you're asking for, but you're asking for sort of a Goldilocks version of not as holistic as Judge Wilkinson and not as hypertextualist as what I was saying. You may be right. I just think when subsection A says, this is how the proceeding starts, the certificate is issued, the director has to find this, and then it says it's sent to the clerk's office and the court orders a hearing. And then the next section in time says prior to the date of the hearing, not of any hearing or a hearing, but prior to the date of the hearing, that has to refer back to the hearing in subsection A. I don't see any other way to read that, but I think you're... Thank you. Thank you, Mr. Kramer. The case is submitted.
judges: Rao; Walker; Randolph